**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Randall K. GIBSON, Defendant–
Appellant.**

**No. 05–30136.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 26, 2006.

Filed Aug. 11, 2008.

James P. Hagarty, Office of the U.S. Attorney, Yakima, WA, Jeffrey P. Singdahlsen, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

George Paul Trejo, Jr., Yakima, WA, for Defendant–Appellant.

Before: RAWLINSON and CLIFTON, Circuit Judges, and BURNS,* District Judge.

MEMORANDUM **

Randall K. Gibson appeals from a 188–month sentence after he pled guilty to distribution of methamphetamine. He argues the district court erred when it took the position that, although the United

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**534**

States Sentencing Guidelines ("Guidelines") are advisory after *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a sentence within the properly calculated Guidelines range is presumptively reasonable under 18 U.S.C. § 3553(a). He also claims his sentence, set at the low end of the Guidelines range, is unreasonable.

Under *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007), a sentencing court should not presume a sentence within the applicable Guidelines range is reasonable. *See United States v. Carty,* 520 F.3d 984, 991 (9th Cir.2008) (en banc) Rather, the trial judge should "filter the Guidelines' general advice through § 3553(a)'s list of factors." *Rita,* 127 S.Ct. at 2469. That caselaw was not available at the time that sentence was imposed in this case, and the district court can't be faulted for viewing the guidelines as presumptively reasonable, as many others did at the time as well. Nonetheless, under the legal standards that apply to this case on direct appeal, that presumption was incorrect. *See United States v. Dallman,* 533 F.3d 755, 761–62 (9th Cir. 2008).

It does not follow, however, that the sentence imposed was unreasonable or improper as a result of that error. "Where we discover an error not of constitutional magnitude, we must reverse unless there is a fair assurance of harmlessness or, stated otherwise, unless it is more probable than not that the error did not materially affect the verdict." *United States v. Gonzalez–Flores,* 418 F.3d 1093, 1099 (9th Cir.2005) (quoting *United States v. Morales,* 108 F.3d 1031, 1040 (9th Cir.1997) (en banc)) (internal quotation marks omitted); *see also United States v. Beng–Salazar,* 452 F.3d 1088, 1095–96 (9th Cir.2006) (reviewing *Booker* error for harmlessness.)

After *Booker,* we review the district court's findings of fact for clear error, and its application of the Guidelines to the facts for abuse of discretion. *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006). The record demonstrates the district judge in this case considered each section 3553(a) factor raised by Gibson and concluded that a sentence at the low end of the guidelines range was appropriate. The district court did not abuse its discretion by giving presumptive weight to the Guidelines range because it is more probable than not that the error did not materially affect Gibson's sentence. *See Dallman,* 533 F.3d at 761–62.

Gibson also argues the district court ignored 18 U.S.C. § 3661, which provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." He fails, however, to identify any information the district court refused to consider in passing sentence. To the contrary, the record establishes the district judge considered, but rejected, all of the mitigating information presented by Gibson and his counsel.

Based on our review of the record, we conclude that the 188–month sentence that Gibson received was not unreasonable.

**AFFIRMED.**