**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jeremiah C. SHEPHERD, aka Jeremiah Cameron Shepherd, Defendant—Appellant.**

**No. 07–10484.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 30, 2008.

Daniel R. Drake, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jane L. McClellan, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jeremiah C. Shepherd appeals from the 24–month sentence imposed upon revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Shepherd contends that the district court erred by sentencing him according to a preconceived policy to impose the maximum penalty for any violation of supervised release, rather than based on the facts presented and the factors set forth in 18 U.S.C. §§ 3553(a) and 3583(e). Although we are troubled by the district court's remarks at the revocation hearing that suggested it had predetermined the sentence, Shepherd has not demonstrated that any error affected his substantial rights because the record indicates that the district court subsequently reviewed the parties' sentencing memoranda, listened to mitigating evidence, and analyzed the § 3553(a) factors. *See United States v. Olano*, 507 U.S. 725, 732–36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Dallman*, 533 F.3d 755, 761–62 (9th Cir.2008).

Shepherd also contends that the district court erred by: (1) failing to provide an adequate explanation for the sentence it imposed; and (2) relying on a clearly erroneous factual finding that he was a danger to the community. These contentions are belied by the record. *See United States v. Carty*, 520 F.3d 984, 994–96 (9th Cir.2008) (en banc).

Shepherd's motion to supplement the record is denied. *See* Fed. R.App. P. 10(a); *United States v. Blinder*, 10 F.3d 1468, 1477 (9th Cir.1993).

**AFFIRMED.**