**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon HERNANDEZ, Defendant–**
**Appellant.**

**No. 07–50368.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Raymond O. Aghaian, Esquire, Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Richard D. Rome, Esquire, Law Offices of Richard D. Rome, Van Nuys, CA, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provid-

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Ramon Hernandez appeals from the 168–month sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and possession with intent to distribute MDMA, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Hernandez contends that the district court erred when it declined to depart downward for aberrant behavior. However, the district court's denial of Hernandez's request for a downward departure under the Sentencing Guidelines is not reviewable. *See United States v. Dallman,* 533 F.3d 755, 760–61 (9th Cir.2008); *United States v. Morales,* 898 F.2d 99, 101–03 (9th Cir.1990).

■ Hernandez also contends that his sentence is substantively unreasonable because it is too high in light of a number of facts, including the aberrant nature of his conduct. We may consider the allegedly aberrant nature of Hernandez's conduct when determining the substantive reasonableness of his sentence. *See Dallman,* 533 F.3d at 761. We conclude that the sentence is substantively reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States,* ——

ed by 9th Cir. R. 36–3.

U.S. ——, 128 S.Ct. 586, 594, 596–97, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.