**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tyler Reed STUMP, Defendant–
Appellant.**

No. 08–30100.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2009.[*]

Filed March 12, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph E. Thaggard, Assistant U.S., USHE–Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Helge Naber, Esquire, Naber P.C., Great Falls, MT, for Defendant–Appellant.

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM **

Tyler Reed Stump ("Stump") appeals his 55–month sentence imposed following his guilty plea to conspiracy to possess marijuana with intent to distribute in a public housing facility in violation of 21 U.S.C. § 846, and distribution of marijuana to a person under the age of 21 in violation of 21 U.S.C. § 859. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's interpretation of the Sentencing Guidelines (the "Guidelines") de novo, the district court's application of the Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error. *United States v. Dallman*, 533 F.3d 755, 760 (9th Cir.2008). Whether a defendant is a "minor" participant in the criminal activity is a factual determination subject to the clearly erroneous standard. *United States v. Sanchez*, 908 F.2d 1443, 1448–49 (9th Cir.1990). This court reviews the substantive reasonableness of the sentence for abuse of discretion. *United*

*States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc).

Stump makes two arguments on appeal: (1) the district court incorrectly calculated his offense level, and (2) his sentence is unreasonable. First, Stump argues that the district court erred by not granting a two-level role reduction pursuant to U.S.S.G. § 3B1.2 for his minor role in the criminal acts. The Guidelines provide for a two-level reduction in offense level if the defendant was a minor participant in the criminal activity. *United States v. Cantrell*, 433 F.3d 1269, 1282–83 (9th Cir.2006) (citing U.S.S.G. § 3B1.2). The reduction is available to a "minor participant" who is substantially less culpable than his co-participants, "but whose role could not be described as minimal." *Id.* at 1283. Stump pled guilty to distribution of marijuana to a person under the age of 21, and the record demonstrates that he personally sold marijuana to a minor on multiple occasions. Stump was more than a minor participant in distribution; he was directly involved in the exchange of marijuana for money with a minor. The district court's finding that Stump was not a "minor participant" and its resulting denial of a minor-role reduction was not clearly erroneous.

Second, Stump argues that his 55–month sentence is unreasonable. An imposed sentence must be both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). For a procedurally reasonable sentence, a district court need only "set forth enough [reasons] to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

basis for exercising [its] own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). In arriving at its sentence here, the district court considered facts specific to this case on the record and articulated its reasoning to the degree required for meaningful review. The properly calculated advisory Guideline range was 46 to 57 months. The district court imposed a sentence after thoroughly weighing Stump's offense conduct, the advisory Guideline range, and the 18 U.S.C. § 3553(a) factors. The district court complied with the procedures dictated by *Gall,* 128 S.Ct. at 597, and *Carty,* 520 F.3d at 993, in setting the appropriate sentence.

"Although we recognize that a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal," we do not apply a presumption of reasonableness to a within-Guidelines sentence. *Carty,* 520 F.3d at 988, 993. The district court after due deliberation determined that a 55–month sentence was reasonable in light of the circumstances in this case—that Stump sold drugs to teenagers and did so in public housing. The district court did not abuse its discretion in imposing this sentence.

**AFFIRMED.**