**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Arturo SANTANA–VILLASENOR, a/k/a Gregorio Areano Chavez, Gregoria Areano Chavez and Carlos Villa Senor Santana, Defendant—Appellant.**

No. 06–50034.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Robert Gannon, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Arturo Santana–Villasenor appeals from the district court's order denying his motion to exclude the warrant of deportation and certificate of nonexistence of record, as well as from the 41–month sentence imposed following his conditional guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Santana–Villasenor contends that the district court's admission into evidence of a warrant of deportation and a certificate of nonexistence of record violates his Sixth Amendment Confrontation Clause rights. As he concedes, these contentions are foreclosed. *See United States v. Bahena–Cardenas*, 411 F.3d 1067, 1075 (9th Cir.2005); *see also United States v. Cervantes–Flores*, 421 F.3d 825, 834 (9th Cir. 2005) (per curiam).

Santana–Villasenor contends that the district court procedurally erred at sentencing by treating the U.S. Sentencing Guidelines range as presumptively reasonable. The district court did not plainly err. *See United States v. Carty*, 520 F.3d

984, 994–95 (9th Cir.2008) (en banc); *see also United States v. Dallman*, 533 F.3d 755, 761 (9th Cir.2008).

Santana–Villasenor contends that 8 U.S.C. § 1326(b) is unconstitutional. As Santana–Villasenor concedes, this contention is foreclosed. *See Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006).

■ Santana–Villasenor contends that the district court's imposition of a supervised release condition requiring that he report to his probation officer within 72 hours of reentry violates his Fifth Amendment right against self incrimination. This contention fails. *See United States v. Abbouchi*, 502 F.3d 850, 859 (9th Cir.2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

