284

UNITED STATES of America,
Plaintiff—Appellee,

v.

Alejandro ESPARZA SERRANO,
Defendant—Appellant.

No. 08–50324.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 30, 2009.

Kevin M. Lally, Esquire, Assistant U.S., Michael J. Raphael, Esquire, Assistant, U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esquire, Assistant Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Alejandro Esparza Serrano appeals from the 240–month sentence imposed by the district court after this court vacated his sentence and remanded for resentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Esparza Serrano contends the district court violated the mandate rule by interpreting this court's remand as a hearing on a sentence-reduction motion under 18 U.S.C. § 3582(c)(2) rather than as a full resentencing. This contention is belied by the record. *See United States v. Kellington,* 217 F.3d 1084, 1093 (9th Cir.2000) (noting that this court should review whether the district court violated the spirit of circuit court's mandate on remand).

Esparza Serrano asserts the district court procedurally erred by failing to consider all of the relevant 18 U.S.C. § 3553(a) sentencing factors. The district court did not commit reversible error on this record. *See United States v. Carty,* 520 F.3d 984, 991–96 (9th Cir.2008) (en banc); *see also United States v. Dallman,* 533 F.3d 755, 761 (9th Cir.2008).

To the extent Esparza Serrano argues that his prior counsel committed ineffective assistance of counsel, this contention fails. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.