**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50470 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01691-H |
| v. | |
| RICARDO SOLIS-MORALES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Ricardo Solis-Morales appeals from the 77-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Solis-Morales contends the district court failed to adequately consider each of the 18 U.S.C. § 3553(a) factors, including sentencing disparity, the family circumstances that caused him to reenter, and alleged prejudice caused by the delay in prosecution which he contends deprived him of a concurrent sentence. The record indicates that the district court adequately considered and addressed Solis-Morales's arguments regarding sentencing disparities and his family, and its explanation of the sentence was sufficient to allow for meaningful appellate review. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."). In addition, even if the district court erred by failing to address Solis-Morales's argument for a variance based on the delay in prosecution, Solis-Morales has not met his burden of demonstrating that the alleged error affected his substantial rights and the integrity of the judicial process. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008).

**AFFIRMED.**

09-50470