**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50037 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00850-GAF |
| v. | |
| FERNANDO HERNANDEZ GOMEZ, a.k.a. Fernando Hernandez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Fernando Hernandez Gomez appeals from the 70-month sentence imposed

following his guilty-plea conviction for being an illegal alien found in the United

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Hernandez Gomez first contends that the district court committed procedural error by imposing a sentence based on clearly erroneous facts and by giving excessive weight to one of the 18 U.S.C. § 3553(a) factors while giving insufficient weight to the others.

Hernandez Gomez has not demonstrated that any of the alleged factual errors by the district court affected his substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008). His other contention of procedural error is belied by the record.

Hernandez Gomez next contends that his sentence is substantively unreasonable. Given the age of Hernandez Gomez's prior conviction and the other aspects of his criminal history, application of the 16-level prior conviction enhancement did not result in an unreasonable sentence in this case. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108-09 (9th Cir. 2010). The record reflects that the 70-month sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). We decline to instruct the district court to conform the written judgment to the oral pronouncement of sentence by deleting the phrase "or ordinance," because there is no conflict between them. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993) (written judgment should be amended where it is inconsistent with oral pronouncement).

**AFFIRMED; REMANDED to correct the judgment.**