FILED

NOT FOR PUBLICATION

JAN 27 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUALBERTO BAHENA-CARRENO,

Defendant - Appellant.

No. 11-50160

D.C. No. 3:10-cr-01915-JAH

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted January 17, 2012[**]

Before: LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Gualberto Bahena-Carreno appeals from the 36-month sentence imposed

following his guilty-plea conviction for attempted entry after deportation, in

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. Appellant. P. 34(a)(2).

we affirm.

Bahena-Carreno contends that the district court procedurally erred in denying a downward departure for cultural assimilation because the court misapplied the parameters for granting a departure and relied on clearly erroneous facts. The district court did not plainly err. The record does not reflect that Bahena-Carrena requested a downward departure. Moreover, the court entertained Bahena-Carreno's arguments as part of its consideration of the 18 U.S.C. § 3553(a), granted a downward variance based on the staleness of Bahena-Carreno's prior conviction, and explained why a further variance was not warranted. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc); *United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008) (defendant's burden to demonstrate reasonable probability that sentence would have been different absent procedural error).

Bahena-Carreno also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the section 3553(a) sentencing factors, the sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

11-50160