**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

KENNETH ROY DALLMAN,
        *Defendant-Appellant.*

No. 05-30349

D.C. No.
CR-04-00171-WFN

ORDER
AMENDING
OPINION AND
AMENDED
OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior Judge, Presiding

Submitted April 7, 2006*
Withdrawn From Submission August 29, 2006
Resubmitted April 15, 2008
Seattle, Washington

Filed May 19, 2008
Amended July 15, 2008

Before: William C. Canby, Ronald M. Gould, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Gould

---

*This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)

## COUNSEL

Gordon R. Stoa, Spokane, Washington, for the defendant-appellant.

Joseph H. Harrington, Assistant United States Attorney, Spokane, Washington, for the plaintiff-appellee.

# ORDER

The opinion filed on May 19, 2008 is AMENDED as follows:

In Section "IV" of the opinion, the second paragraph, which states:

> After *Booker*, the departure Guidelines are still operative, and an accurate guideline range calculation may still properly require consideration and correct application of the departure Guidelines. Because *Booker* left intact 18 U.S.C. § 3742(a) and did not overrule *Ruiz*, the district court's denial of Dallman's motion for a downward departure based on aberrant behavior remains unreviewable. *See United States v. Cooper*, 437 F.3d 324, 333 (3d Cir. 2006) (holding that a district court's decision not to grant a defendant's motion for downward departure is still unreviewable after *Booker*); *United States v. Winingear*, 422 F.3d 1241, 1245-46 (11th Cir. 2005) (same); *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (same); *United States v. Frokjer*, 415 F.3d 865, 874-75 (8th Cir. 2005) (same); *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005) (same).

shall be DELETED.

The Section "V" heading shall be DELETED.

The first paragraph of what was previously Section "V," which states:

This is not, however, the end of our review. Rather, *Booker* requires that we review the overall reasonableness of Dallman's sentence and directs that our review be guided by the sentencing factors set forth in 18 U.S.C. § 3553(a). 543 U.S. at 261; *see also Gall*, 128 S. Ct. at, 594, 596-97 & n.6. To comply with *Booker*'s mandate, a district court need not discuss each factor listed in § 3553(a), but must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. ___, 127 S. Ct. 2456, 2468 (2007); *see also United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006). "The district court may not presume that the Guidelines range is reasonable. Nor should the Guidelines factor be given more or less weight than any other[;] . . . they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *United States v. Carty*, 2008 WL 763770 at *4 (9th Cir. 2008) (en banc) (citations omitted).

shall be DELETED and REPLACED with the two paragraphs:

However, *Booker* directs that we review the overall reasonableness of Dallman's sentence and that our review be guided by the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 543 U.S. at 261; *see also Gall*, 128 S. Ct. at 594, 596-97 & n.6. The district court's determination that Dallman's offense conduct was not aberrant behavior and did not merit a downward departure may be encompassed within the district court's assessment of Dallman's "history and characteristics" as set forth in 18 U.S.C. § 3553(a)(1). Thus *Booker*'s mandate that we review a sentence for reasonableness now permits us to con-

sider what we previously could not—the district court's decision not to impose a lesser sentence on Dallman due to his alleged aberrant behavior, among other relevant factors. Accordingly, we consider Dallman's contention that the district court erred when it denied his motion for a downward departure based on aberrant behavior to the extent that the denial implicates the overall reasonableness of Dallman's sentence.

To comply with *Booker*'s mandate, a district court need not discuss each factor listed in § 3553(a), but must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. ___, 127 S. Ct. 2456, 2468 (2007); *see also United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006). "The district court may not presume that the Guidelines range is reasonable. Nor should the Guidelines factor be given more or less weight than any other[;] . . . they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).

Footnote 3, which falls at the conclusion of the second sentence of the first paragraph of what was previously Section "V," shall be inserted at the conclusion of the first sentence of the first replacement paragraph above, which ends, "set forth in 18 U.S.C. § 3553(a)." The text and numbering of footnote 3 shall remain unchanged.

Footnote 5 shall be DELETED.

No future petitions for panel or en banc rehearing will be entertained.

It is so ORDERED.

---

## OPINION

GOULD, Circuit Judge:

Kenneth Dallman appeals the 33-month sentence he received following his convictions for possession and importation of marijuana and conspiracy to possess marijuana. Dallman and two other individuals were arrested by United States Border Patrol agents after the agents observed the men carrying six large duffle bags along an abandoned logging road just south of the U.S.-Canada border. The bags contained about 142 pounds of marijuana. Dallman contends that his sentence is unreasonable because the district court erroneously found that he was accountable for the aggregate quantity of marijuana that the three men carried into the United States and denied his request for a downward departure based on aberrant behavior.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

Early in the morning on August 16, 2004, two U.S. Border Patrol agents patrolled an abandoned logging road that crosses the U.S.-Canada border near Danville, Washington. At approximately 4:15 a.m., while the agents walked northward along the road, they noticed Dallman, Michael Thistlewaite, and John Souza carrying large bundles and walking southward. After seeing or hearing the agents, Thistlewaite ducked under a tree on one side of the road, and Dallman and Souza ran to the opposite side of the road and took cover in the brush.

---

[1]We address Dallman's appeal of his convictions in a separately-filed and unpublished memorandum disposition, and address only his sentencing issues in this Opinion.

The agents arrested Thistlewaite after observing that he was tangled in two large duffle bags that were tied together so that they could be carried with one bag hanging in front and one in back. The agents then approached Dallman and Souza who were lying in the brush with two pairs of duffle bags, both of which were tied together in the same manner as the bags found with Thistlewaite.

After arresting Dallman and Souza, the agents searched one of the duffle bags and found twenty-five individually-packaged one-pound bags of marijuana. A subsequent search of the other five duffle bags revealed that they each contained twenty-five similarly-packaged bags of marijuana. Together, the six duffle bags contained approximately 142.69 pounds of marijuana.

An agent at the scene of the arrest looked at the soles of the suspects' boots and noticed that they had a different sole pattern than the pattern on the agents' standard-issue Danner boots. Agents Harbert and Smith then backtracked the three sets of boot prints of the suspects from the location of their arrest to the U.S.-Canada border, across a barbed wire fence, and 30 yards into Canada.

A jury convicted Dallman of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846; and importation of marijuana in violation of 21 U.S.C. §§ 952, 960(b)(3), and 18 U.S.C. § 2.[2]

At Dallman's sentencing hearing, the district court first determined that Dallman and the other men acted as co-

[2]Thistlewaite pled guilty to conspiracy to possess with intent to distribute marijuana and importation of marijuana and received a 30-month sentence. Souza pled guilty to conspiracy with intent to distribute marijuana and received a 41-month sentence.

conspirators to transport marijuana into the United States. Accordingly, Dallman was accountable for the entire 142.69 pounds of marijuana that the three men collectively carried across the border, rather than for merely the fifty pounds of marijuana that he personally carried. The district court then reduced Dallman's base offense level by two levels due to his minor role in the offenses, denied Dallman's motion for a two-level adjustment for acceptance of responsibility, and denied his motion for a downward departure based on aberrant behavior. These decisions resulted in a Sentencing Guidelines range of 33 to 41 months.

The district court next noted that, although the Guidelines are advisory, "unless there's some very unusual situation involved in a case, a sentence that's within the advisory guidelines . . . is probably going to be considered to be reasonable." The district court also considered the sentences imposed on Dallman's co-conspirators and noted the need to deter conduct similar to that for which Dallman was convicted. It then imposed a 33-month term of imprisonment. This appeal followed.

## II

In reviewing a sentence, we first determine whether the district court correctly calculated the Guidelines range. The Supreme Court has made clear that "district courts must treat the Guidelines as the 'starting point and the initial benchmark[.]' " *Kimbrough v. United States*, ___ U.S. ___, 128 S. Ct. 558, 574 (2007); *see also Gall v. United States*, ___ U.S. ___, 128 S. Ct. 586, 596 (2007)*; United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006). To make this assessment, we review the district court's interpretation of the Guidelines de novo and review the district court's application of the Guidelines to the facts of the case for abuse of discretion. *Cantrell*, 433 F.3d at 1279. We review factual findings, including a determination of the quantity of drugs involved in an offense, for clear error. *United States v. Asagba*, 77 F.3d

324, 325 (9th Cir. 1996). If the district court correctly calculated the Guidelines range, we then review the sentence for reasonableness. *Cantrell*, 433 F.3d at 1280.

## III

**[1]** Dallman contends that the district court erred in calculating the Guidelines range because the court incorrectly found that he was accountable for the aggregate amount of marijuana carried by all three men. The base offense level under the Guidelines for a defendant convicted of drug trafficking depends on the quantity of drugs involved in the offense. U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(a)(3) (2005). For a defendant convicted of a jointly undertaken drug offense, this quantity may include "all reasonably foreseeable quantities of [drugs] that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3 cmt. n.2; *see United States v. Becerra*, 992 F.2d 960, 966 (9th Cir. 1993). The scope of the jointly undertaken criminal activity "may depend on whether, in the particular circumstances, the nature of the offense is more appropriately viewed as one jointly undertaken criminal activity or as a number of separate criminal activities." *See* U.S.S.G. § 1B1.3 cmt. n.2(c)(8).

**[2]** The district court did not err in viewing the conspiracy in which Dallman, Souza, and Thistlewaite participated as a joint undertaking rather than as several separate criminal activities and, as a result, basing its calculation of Dallman's Guidelines range on the aggregate amount of marijuana that the three men carried. Dallman and the others coordinated their importation effort, likely aided each other in crossing a barbed wire fence at the border, and together sought to hide from Border Patrol agents. *See* U.S.S.G. § 1B1.3 cmt. n.2(c)(8). *United States v. Palafox-Mazon*, 198 F.3d 1182, 1187 (9th Cir. 2000) is not to the contrary. There, we affirmed the district court's finding that defendants who were led across the U.S.-Mexico border carrying backpacks of marijuana were accountable at sentencing for only the amount of

marijuana each man carried because the record did not show that the defendants "intended to, would have, or did in any way coordinate their importation efforts for their mutual assistance and protection or aid and abet each other's actions." *Id.* (internal quotations and alterations omitted). By contrast, the cooperative and coordinated conduct of Dallman, Souza, and Thistlewaite rendered Dallman responsible, for sentencing purposes, for the contraband carried by all.

## IV

[3] Dallman next asserts that the district court erred when it denied his motion for a downward departure based on aberrant behavior. Before *United States v. Booker*, 543 U.S. 220 (2005), we held that, absent an allegation of legal error, a district court's discretionary denial of a downward departure request was unreviewable. *See United States v. Morales*, 898 F.2d 99, 102 & n.2 (9th Cir. 1990). We based this determination on our conclusion that in enacting 18 U.S.C. § 3742(a), "Congress did not intend to allow for appellate review of discretionary refusals to depart downward from the guidelines." *Id*. at 102; *see also United States v. Ruiz*, 536 U.S. 622, 627 (2002) (recognizing that 18 U.S.C. § 3742(a)(1) "does *not* authorize a defendant to appeal a sentence where the ground for appeal consists of a claim that the district court abused its discretion in refusing to depart").

[4] However, *Booker* directs that we review the overall reasonableness of Dallman's sentence and that our review be guided by the sentencing factors set forth in 18 U.S.C. § 3553(a).[3] *See* 543 U.S. at 261; *see also Gall*, 128 S. Ct. at

---

[3]These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

594, 596-97 & n.6. The district court's determination that Dallman's offense conduct was not aberrant behavior and did not merit a downward departure may be encompassed within the district court's assessment of Dallman's "history and characteristics" as set forth in 18 U.S.C. § 3553(a)(1). Thus *Booker*'s mandate that we review a sentence for reasonableness now permits us to consider what we previously could not —the district court's decision not to impose a lesser sentence on Dallman due to his alleged aberrant behavior, among other relevant factors. Accordingly, we consider Dallman's contention that the district court erred when it denied his motion for a downward departure based on aberrant behavior to the extent that the denial implicates the overall reasonableness of Dallman's sentence.

**[5]** To comply with *Booker*'s mandate, a district court need not discuss each factor listed in § 3553(a), but must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. ___, 127 S. Ct. 2456, 2468 (2007); *see also United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir. 2006). "The district court may not presume that the Guidelines range is reasonable. Nor should the Guidelines factor be given more or less weight than any other[;] . . . they are one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).

Here, the district court, by its language, clearly presumed that a sentence within the Guidelines range of 33 to 41 months was reasonable. Dallman did not object to this presumption, and thus to warrant relief the district court's action must constitute plain error. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). "Plain error is '(1) error, (2) that is plain, and (3) that affects substantial rights.' " *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631

(2002)). If these three conditions are met, we may then exercise our discretion to grant relief if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Cotton*, 535 U.S. at 631); *see also United States v. Olano*, 507 U.S. 725, 732 (1993).

**[6]** In light of our precedent in *Carty*, the district court plainly erred by presuming that a sentence within the Guidelines range is reasonable. *See Ameline*, 409 F.3d at 1078 (noting that "[a]n error is plain if it is contrary to the law at the time of appeal" (internal quotation marks and citation omitted)). Dallman did not, however, show a reasonable probability that he would have received a different sentence if the district court had not concluded that a sentence within the Guidelines range is presumptively reasonable. *See id.*; *see also Olano*, 507 U.S. at 734 ("It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice."). Because Dallman did not satisfy the third prong of the plain error test, we conclude that the district court's apparent presumption that a sentence within the Guidelines range was reasonable does not warrant relief under the circumstances of this case.[4]

**[7]** In sentencing Dallman, the district court correctly calculated the Guidelines range of 33 to 41 months and recognized that the Guidelines were advisory. The court then weighed several of the § 3553(a) factors, observing that because the offense required planning, Dallman's behavior was not aberrant; noting that the offense conduct was serious; and stating that it was considering the need to avoid unwarranted disparities between Dallman's sentence and the sentences imposed on Thistlewaite and Souza. We conclude that the district court did not commit an error that caused substan-

---

[4]Because we conclude that the third prong of the plain error test is not satisfied, we do not reach the fourth prong — whether the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736 (internal quotation marks and citations omitted).

tial prejudice to Dallman's rights in concluding that the 33-month sentence was warranted.

**AFFIRMED**.