**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose HERNANDEZ–SILVA,**
**Defendant–Appellant.**

No. 07–10194.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed July 31, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tracey A. Bardorf, Esq., James R. Knapp, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Brian I. Rademacher, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Jose Hernandez–Silva appeals from the 63–month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Hernandez–Silva contends that the district court clearly erred by failing to grant an additional one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), despite the government's motion recommending the adjustment. The district court did not err as its decision was based on Hernandez–Silva's failure to timely notify authorities of his intention to enter a plea of guilty, thereby preventing the court from allocating its resources efficiently. *See* U.S.S.G. § 3E1.1(b) (2006); *see also United States v. Espinoza–Cano,* 456 F.3d 1126, 1135 (9th Cir.2006).

Hernandez–Silva also contends that the overall sentence imposed was unreasonable due to the district court's refusal to grant a downward departure for cultural assimilation, its failure to consider mitigating factors, and its improper consideration of his criminal history. The district court noted that the facts did not support a departure for cultural assimilation, nor did they support a mitigated sentence. Furthermore, there is no evidence to suggest that the court placed undue weight on Hernandez–Silva's criminal history to the exclusion of other § 3553(a) factors. The district court did not procedurally err, and the sentence imposed is not substantively unreasonable. *See Gall v. United States,* — U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007); *see also United States v. Dallman,* 533 F.3d 755 (9th Cir.2008).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

