**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Luis Martinez ALVARADO,
Defendant–Appellant.**

**No. 07–50075.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 4, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lauren J. Barefoot, Esq., U.S. Attorney's Office, Southern District of CA, Criminal Division, San Diego, CA, for Plaintiff–Appellee.

Robert R. Henssler, Jr., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Jose Luis Martinez Alvarado appeals from the 33–month sentence imposed fol-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lowing his guilty-plea conviction for bringing in illegal aliens without presentation, and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Martinez Alvarado contends that the government breached his plea agreement by failing to state any of the reasons for its recommended sentence at his sentencing hearing. We review for plain error because Martinez Alvarado failed to raise this contention in district court. *See United States v. Maldonado,* 215 F.3d 1046, 1051 (9th Cir.2000). Because the government was not obligated to state its reasons at sentencing, it did not breach the plea agreement, and moreover, Martinez Alvarado has not demonstrated how any error affected his substantial rights. *See id.* at 1051–52.

Martinez Alvarado also contends that the district court misinterpreted the Guidelines and clearly erred by refusing to grant a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). We conclude that the district court properly evaluated Martinez Alvarado's relative culpability, and did not clearly err by denying the minor role adjustment. *See United States v. Hernandez–Franco,* 189 F.3d 1151, 1160 (9th Cir. 1999).

Martinez Alvarado further contends that the district court clearly erred by concluding that prior incidents in which he was apprehended for alien smuggling constituted relevant conduct pursuant to U.S.S.G § 1B1.3. We disagree in light of the similar modus operandi employed, Martinez Alvarado's statements referencing the same accomplice with respect to prior apprehensions, and the regularity of the apprehensions. *See* U.S.S.G. § 1B1.3,

cmt. n. 9; *United States v. Nichols,* 464 F.3d 1117, 1122–24 (9th Cir.2006).

Martinez Alvarado finally contends that the district court failed to apply the parsimony principle mandated by 18 U.S.C. § 3553(a), and instead incorrectly applied the appellate standard of reasonableness. Reviewing for plain error, we conclude that Martinez Alvarado has failed to show "a reasonable probability that he would have received a different sentence," in light of the district court's discussion of the § 3553(a) factors. *See United States v. Dallman,* 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**