**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10427 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00423-JW-1 |
| v. | |
| ISRAEL GONZALEZ-REYES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Israel Gonzalez-Reyes appeals from his 37-month sentence imposed

following his guilty-plea conviction for illegal re-entry following deportation, in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Gonzalez-Reyes contends that the district court treated the Sentencing Guidelines range as presumptively appropriate. The record belies this contention. The record reflects that the district court did not treat the Sentencing Guidelines range as presumptively appropriate. *See Gall v. United States*, 552 U.S. 38, 39 (2007).

Gonzalez-Reyes also contends that the court failed to address his arguments concerning his motivation for illegal re-entry. The record belies this contention as well. The district court acknowledged Gonzalez-Reyes purported motivation.

Gonzalez-Reyes also contends that the court failed to address his challenge to the 8-level enhancement for a prior deportation after a conviction for an aggravated felony, pursuant to section 2L1.2(a)(1)(C) of the Sentencing Guidelines. Though the district court erred in this regard, *see Rita v. United States*, 551 U.S. 338, 357 (2007), Gonzalez-Reyes has not shown that his substantial rights were affected. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

Gonzalez-Reyes also contends that the sentence is substantively unreasonable. In light of the totality of the circumstances and the factors set forth

in 18 U.S.C. § 3553(a), the sentence was not unreasonable. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**