**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50352 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-03028-JLS |
| v. | |
| JUAN CARLOS SANTILLAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 8, 2011[**]

Before:    O'SCANNLAIN, TASHIMA, and GRABER, Circuit Judges.

Juan Carlos Santillan appeals from the 78-month sentence imposed

following his guilty-plea convictions for attempted entry after deportation, in

violation of 8 U.S.C. § 1326, and making a false claim to United States citizenship,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

in violation of 18 U.S.C. § 911. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Santillan contends that the district court procedurally erred by failing to consider his request for a cultural assimilation departure, failing to explain its decision not to depart, and failing to appreciate its authority to depart. The record shows that the court entertained Santillan's arguments regarding the departure, and Santillan has not established that his sentence would have been different absent the alleged error. *See United States v. Lipman*, 133 F.3d 726, 730-32 (9th Cir. 1998) (cultural assimilation is a permissible basis for departure); *United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008) (defendant's burden to demonstrate reasonable probability that sentence would have been different absent procedural error); *cf.* U.S.S.G. § 2L1.2, cmt. n.8 (cultural assimilation may be proper basis for departure under 2010 Sentencing Guidelines where it is not likely to increase risk to public from defendant's further crimes).

Santillan contends that his sentence was substantively unreasonable. Our review of a decision not to vary or depart considers only whether the resulting sentence was substantively reasonable. *See United States v. Ellis*, 641 F.3d 421-22 (9th Cir. 2011). The sentence in the middle of the Guidelines range was not substantively unreasonable in light of the totality of the circumstances and the

18 U.S.C. § 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**