**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 11-10300 |
| Plaintiff - Appellee, | 11-10301 |
| v. | D.C. Nos. 4:10-cr-01528-DCB |
| | 4:11-cr-00317-DCB |
| JUAN JESUS DOMINGUEZ-MENDOZA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 21, 2012**

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

In these consolidated appeals, Juan Jesus Dominguez-Mendoza appeals from

the 21-month sentence imposed following his guilty-plea conviction for re-entry

after deportation, in violation of 8 U.S.C. § 1326, and from the 12-month

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

consecutive sentence imposed following the revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dominguez-Mendoza contends that the district court procedurally erred by failing to establish the proper Sentencing Guidelines range at the outset of the sentencing hearing, by treating the Guidelines as mandatory, and by stating that it needed to find exceptional or extraordinary circumstances to vary from the Guidelines. The district court's failure to expressly calculate the Guidelines range, and its misconception that exceptional or extraordinary circumstances are required to vary from the Guidelines, did not affect Dominguez-Mendoza's substantial rights, as the probation officer correctly calculated the Guidelines range and the district court provided sufficient reasons for the sentence. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008). Further, the record reflects that the district court did not treat the Guidelines as mandatory.

Dominguez-Mendoza also contends that the sentences imposed are substantively unreasonable. The consecutive sentences at the bottom of the respective Guidelines ranges are substantively reasonable under the totality of the circumstances and in light of the sentencing factors set forth in 18 U.S.C. §§ 3553(a) and 3583(e). *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**