**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10155 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-02817-DCB |
| v. | |
| JOSE MARIA MERAZ-VARGAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Jose Maria Meraz-Vargas appeals from the 46-month sentence imposed

following his guilty-plea conviction for reentry after deportation, in violation of 8

U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Meraz-Vargas contends that the district court erred by applying an erroneous standard for granting a departure or variance. He also contends that the district court failed to consider all of the 18 U.S.C. § 3553(a) sentencing factors. The record belies these contentions.

Meraz-Vargas next contends that the district court erred by failing to award a third point for acceptance of responsibility. This argument fails because Meraz-Vargas has not shown that the government's refusal to move for the third point was arbitrary or based on an unconstitutional motive. *See United States v. Johnson*, 581 F.3d 994, 1001 (9th Cir. 2009).

Meraz-Vargas finally contends that his sentence is substantively unreasonable because the district court did not give sufficient weight to mitigating factors and failed to grant a departure or variance on the ground that the seriousness of his prior conviction was overstated or on any other basis. In light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), the within-Guidelines sentence is reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008) (failure to grant a departure is reviewed as part of the substantive reasonableness of the sentence).

**AFFIRMED.**

11-10155