**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30221 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00493-BR-1 |
| v. | |
| DAVID EARL ANDERSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted July 12, 2012
Portland, Oregon

Before: GOODWIN, PREGERSON, and CHRISTEN, Circuit Judges.

David Earl Anderson appeals his sentence on one count of threatening to kill

President Barack Obama in violation of 18 U.S.C. § 871. At the time of the offense,

Anderson was incarcerated at the Oregon State Penitentiary serving a sentence on

unrelated charges. Anderson pled guilty. The district court sentenced Anderson to

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

48 months in custody to be served consecutively to his current sentences for the unrelated state crimes. Anderson challenges his sentence on the grounds that the district court erroneously determined that his conduct constituted multiple threats under U.S.S.G. § 2A6.1, refused to grant departures for coercion, duress and voluntary disclosure based on § 5K2.12 and § 5K2.16, and denied a reduction for acceptance of responsibility under § 3E1.1. We affirm.

The district court did not abuse its discretion in determining that, based on the seven communications that Anderson sent, he made more than two threats against the President. Under the plain language of § 2A6.1(b)(6), Anderson's request for a four-level decrease on the grounds that the mailings amounted to only a single threat was precluded by this determination. This court's holding in *United States v. Sanders*, 41 F.3d 480 (9th Cir. 1994), is inapposite. *Sanders* was decided before the Guidelines were amended to make available the two-level enhancement for multiple threats.

The district court did not misinterpret the Guidelines in denying downward departures for coercion and duress, under U.S.S.G. § 5K2.12, for voluntary disclosure of the offense, under § 5K2.16, and for acceptance of responsibility, under § 3E1.1. We find no error in Anderson's below-Guidelines sentence because the district court provided adequate reasons, namely the serious nature of Anderson's conduct, his continuing threats, and the need to protect against such threats, for rejecting

2

Anderson's arguments as an exercise of its discretion. We conclude that the district court's denial of downward departures does not implicate the overall reasonableness of Anderson's sentence. *See United States v. Dallman*, 533 F.3d 755, 760-61 (9th Cir. 2008).

AFFIRMED.