**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50044 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00578-IEG-1 |
| v. | |
| COLLIN MICHAEL BAIRD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, District Judge, Presiding

Submitted December 18, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Collin Michael Baird challenges the 78-month sentence imposed following

his guilty-plea conviction for receipt of images of minors engaged in sexually

explicit conduct, in violation of 18 U.S.C. § 2252(a)(2).  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Baird contends that the district court procedurally erred by failing to address his argument that the district court should exercise its discretion under *Kimbrough v. United States*, 552 U.S. 85 (2007) to vary downward.  Because Baird did not object on these grounds in the district court, we review for plain error and Baird is therefore required to show that there is an error that is plain and that affects substantial rights because there is a reasonable probability that the sentence would have been different absent the alleged error.  *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).  Because the district court explained its reasons for the downward variance and sentence and there is no indication that the district court did not understand its authority to vary from the Guidelines range based on *Kimbrough*, we hold that there is not plain error affecting substantial rights.  *See Dallman*, 533 F.3d at 761-62; *cf. United States v. Henderson*, 649 F.3d 955, 958. 964 (9th Cir. 2011) (remanding to the district court because the district court made comments suggesting that it believed that it did not have the discretion under *Kimbrough* to reject the child pornography Guidelines).

**AFFIRMED**.