**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERMAINE LARON GORE,

Defendant - Appellant.

No. 13-30345

D.C. No. 3:06-cr-05722-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 13, 2014[**]

Before:     SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Jermaine Laron Gore appeals from the district court's judgment and

challenges the 12-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gore contends that the district court erred by finding that he violated a condition of supervised release barring unapproved contact with "any person convicted of a felony." In particular, he argues that (1) there was insufficient evidence that he was in phone contact with his cousin, a convicted felon, and (2) the district court violated his constitutional rights by applying the condition to a family member. We review a district court's decision to revoke supervised release for abuse of discretion, *see United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008), and Gore's constitutional challenge for plain error, *see United States v. Wolf Child*, 699 F.3d 1082, 1094-95 (9th Cir. 2012). Viewing the evidence in the light most favorable to the government, the district court did not err in determining that Gore was in phone contact with his cousin because the cousin's phone log displayed numerous outgoing and incoming phone calls to and from Gore's phone over multiple days. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010).

We need not reach Gore's constitutional challenge as he failed to raise this issue below, and the record reflects that Gore admitted to two additional violations. Given the district court's focus on Gore's criminal history and his failure to be deterred, Gore has not demonstrated a reasonable probability that he would have

13-30345

received a different sentence absent any alleged constitutional violation. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Gore also contends that the sentence is unreasonable because the district court relied too heavily on the Guidelines range, improperly punished him for the conduct underlying the revocation, and ignored the need for rehabilitation. The district court did not procedurally err because it based the sentence on the 18 U.S.C. § 3583(e) sentencing factors and did not rely primarily on the need to punish. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007). Moreover, the sentence is substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances, including Gore's significant criminal history, his breach of the court's trust, and the need for deterrence. *See id.*

**AFFIRMED.**