**NOT FOR PUBLICATION**

FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50263 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-02734-LAB |
| v. | |
| JOSE ISRAEL LOPEZ-DIAZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted June 26, 2017[**]

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Jose Israel Lopez-Diaz appeals from the district court's judgment and challenges the 57-month sentence imposed upon remand following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 2014, Lopez-Diaz appealed the district court's denial of a minor role adjustment under U.S.S.G. § 3B1.2.  This court vacated Lopez-Diaz's sentence and remanded for resentencing in light of the 2015 amendment to the minor role Guideline.  On remand, the district court considered the five factors enumerated in the amendment and again denied a minor role adjustment.  Lopez-Diaz now appeals, arguing that the court incorrectly interpreted and inadequately considered the five factors.  We review the district court's interpretation of the Guidelines de novo.  *See United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016).

The record reflects that the court fully considered and properly applied to Lopez-Diaz's case each of the five factors.  The court also conducted the required comparative analysis between Lopez-Diaz and his co-participants, and evaluated whether Lopez-Diaz was "substantially less culpable than the average participant" in light of the totality of the circumstances.  *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *Quintero-Leyva*, 823 F.3d at 523.  The court did not err in evaluating Lopez-Diaz's entitlement to a minor role reduction under the amended Guideline.

Lopez-Diaz also argues that the 57-month sentence is substantively unreasonable.  The district court did not abuse its discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The below-Guidelines[1] sentence is substantively

---

[1] Although the district court calculated the Guidelines range as 57-71 months, the correctly calculated range was 70-87 months.  Lopez-Diaz did not object to this miscalculation in the district court, nor does he raise it on appeal.  Because the

reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the

circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

---

error favored Lopez-Diaz, we see no reason to remand. *See United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008) (describing plain error standard).

16-50263