**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10481 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01919-JAS-BGM-1 |
| v. | |
| ARNULFO MOROYOQUI-RODRIGUEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted February 5, 2019**
Phoenix, Arizona

Before: HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Arnulfo Moroyoqui-Rodriguez appeals his conviction for conspiracy to possess 50 kilograms or more of marijuana with intent to distribute, in violation of 21 U.S.C. § 846, and possession of 50 kilograms or more of marijuana of with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to 28 U.S.C. § 1291, and affirm.

1. The government submitted sufficient evidence to identify Moroyoqui-Rodriguez as the person who committed the offenses. *See United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995) ("Identification can be inferred from all the facts and circumstances that are in evidence."). The jury saw a video of an interview conducted by a border agent shortly after Moroyoqui-Rodriguez's arrest, during which Moroyoqui-Rodriguez stated his name, his date of birth, and place of birth; that information was identical (with the exception of a minor discrepancy in the spelling of the name) with information recorded independently by the arresting officer. The agent also testified at trial that Moroyoqui-Rodriguez was the person he interviewed. During the interview, Moroyoqui-Rodriguez admitted that he was part of a group that was smuggling marijuana into the United States. Another border agent testified at trial that agents arrested Moroyoqui-Rodriguez after he entered the country and seized marijuana at the scene of his arrest.

2. The district court did not err in attributing to Moroyoqui-Rodriguez the total amount of drugs seized, even though the marijuana had been physically carried by his co-conspirators. "In determining for purposes of sentencing the quantity of drugs for which a conspirator will be held responsible, the district court is required to determine the quantity of drugs the conspirator reasonably foresaw or which fell within the scope of his particular agreement with the conspirators." *United States v.*

2

*Kilby*, 443 F.3d 1135, 1142 (9th Cir. 2006) (internal alteration omitted).  Moroyoqui-Rodriguez admitted that he was carrying food for the group and knew that others were carrying marijuana.  Thus, there was an ample basis for the court to conclude that the conspirators "coordinated their importation effort" and "likely aided each other."  *United States v. Dallman*, 533 F.3d 755, 760 (9th Cir. 2008); *cf. United States v. Palafox-Mazon*, 198 F.3d 1182, 1188  (9th Cir. 2000) ("In cases involving a group of marijuana backpackers where the facts escape easy categorization, a sentencing judge may determine whether the offense is more appropriately viewed as one jointly undertaken or not.") (internal quotations omitted).

3.     The district court did not err in declining to apply a minor role adjustment under U.S.S.G. § 3B1.2(b).  An "adjustment under § 3B1.2 is available only if the defendant was 'substantially' less culpable than his or her co-participants."  *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006) (quoting *United States v. Johnson*, 297 F.3d 845, 874 & n.37 (9th Cir. 2002)).  The district court reasonably concluded that Moroyoqui-Rodriguez and the other members of the group were "similarly situated in terms of what they're doing and their importance to the organization or to the criminal endeavor."

**AFFIRMED.**