**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50349 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00660-WQH |
| v. | |
| JOSE ANTONIO MILANEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 12, 2019[**]

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Jose Antonio Milanez appeals from the district court's judgment and challenges the three-year term of supervised release and five conditions of supervised release imposed following his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand with instructions.

Milanez contends that the district court procedurally erred by failing to calculate the Guidelines range for the supervised release term and by providing an insufficient explanation for its decision to impose a three-year term of supervised release. Because Milanez did not object below to the district court's failure to calculate the Guidelines range, we review for plain error, *see Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018), and conclude that there is none. The Guidelines range for supervised release was correctly calculated in the presentence report, which the district court stated that it had reviewed, and Milanez has not shown a reasonable probability that he would have received a different sentence had the district court expressly calculated the applicable Guidelines range. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). Furthermore, the record shows that the district court considered Milanez's mitigating arguments, and adequately explained that a three-year term of supervised release was necessary as an added deterrent in light of Milanez's immigration history and the court's decision to impose a lower custodial sentence than Milanez had previously received for the same offense. *See* U.S.S.G. § 5D1.1 cmt. n.5 (court should consider imposing supervised release on a deportable alien when facts and circumstances of a particular case show that supervised release would be an added

18-50349

deterrent).

The government concedes, and we agree, that conditions 4, 7, and 8 in the written judgment conflict with the oral pronouncement of sentence, which did not include these now-nonstandard conditions. *See United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). We thus remand and instruct the district court to strike conditions 4, 7, and 8 from the written judgment. *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993). As the government also concedes, conditions 5 and 13 in the written judgment are unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir.), *cert. denied*, 139 S. Ct. 133 (2018). On remand, the district court shall modify these conditions consistent with our opinion in *Evans*.

**AFFIRMED in part; REMANDED with instructions.**