**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50248 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00713-DSF-42 |
| v. | |
| JAMES HERMOSILLO, AKA Bones, AKA James Francis Jesse Hermosillo, AKA Seal V, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted September 8, 2020[**]

Before:    TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

James Hermosillo appeals from the district court's judgment and challenges

the 15-year term of supervised release imposed following revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hermosillo contends that the district court procedurally erred by failing to (1) calculate the Guidelines range applicable to the supervised release term; (2) address his sentencing arguments; and (3) adequately explain its reasons for reimposing the 15-year term of supervised release. We are not persuaded by the government's argument that Hermosillo waived his right to make these arguments, *see United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) ("[W]aiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)), and instead review his claims for plain error. *See id.*

The district court did not plainly err because Hermosillo has not shown a reasonable probability that he would have received a different supervised release term had the district court expressly calculated the Guidelines range applicable to supervised release or said more to justify the term or to address Hermosillo's arguments, which were entirely directed to the custodial term. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). The district court's remarks during the revocation hearing reflect the same concerns its expressed at Hermosillo's original sentencing, when it rejected the parties' joint request for a 4-year supervised release term in favor of a 15-year term. Because Hermosillo's multiple violations of supervised release following his release only validated those concerns, we see no reasonable probability that the court would have imposed a

shorter supervised release term absent the alleged errors.[1]

Hermosillo also argues that his supervised release term is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 15-year term is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Hermosillo's multiple breaches of the court's trust. *See id.*; *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (purpose of revocation sentence is to sanction defendant's breach of trust). Contrary to Hermosillo's contention, the district court did not impose the sentence solely or even primarily to punish him for the violation conduct. *See id.* at 1063.

**AFFIRMED.**

---

[1] In light of this conclusion, we need not address the parties' dispute over whether, at a revocation sentencing, the Guidelines range for supervised release is the range that applied at the original sentencing or the statutory range.

19-50248