**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30004 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00052-WFN-1 |
| v. | |
| MAXWELL DELVON JONES, AKA Money, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Maxwell Delvon Jones appeals from the district court's judgment and challenges the sentence of twelve months and one day, to be followed by 24 months of supervised release, imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jones contends that the district court procedurally erred by failing to calculate the Guidelines range. We review for plain error, *see United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008), and conclude that there is none. The undisputed Guidelines range was calculated in the revocation petition, and defense counsel referenced that range during the sentencing hearing. On this record, Jones has not shown a reasonable probability that he would have received a different sentence had the district court expressly calculated the Guidelines range. *See id.* at 762.

Jones also argues that the sentence is substantively unreasonable because it does not adequately reflect his drug addiction and fails to give him credit for cooperating with local law enforcement. The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, contrary to Jones's contention, the record reflects that the district court based the sentence on only proper factors, including Jones's breach of the court's trust. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

**AFFIRMED.**