NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10321 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:15-cr-01063-RCC-BGM-2 |
| LANE LAMAR GOUDY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted February 17, 2021**

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Lane Lamar Goudy challenges the 35-month sentence and 3-year term of

supervision imposed upon revocation of probation.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

Goudy first contends that the district court abused its discretion and violated

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

due process by accepting his admission to a probation violation without first advising him of some of the consequences of his admission. Goudy's argument fails because he has not shown that any of the omissions are required advisements at a probation revocation. *See United States v. Segal*, 549 F.2d 1293, 1296 (9th Cir. 1977) (Federal Rule of Criminal Procedure 11 does not apply to a probation revocation). The court complied with the requirements of Federal Rule of Criminal Procedure 32.1(b)(2), and the record shows that Goudy's admission to violating the terms of his probation was knowing and voluntary.

Goudy next contends that the district court miscalculated the Guidelines range applicable to his revocation sentence. In his view, the court was required to consider the First Step Act—specifically, the Act's revision to 18 U.S.C. § 3553(f)—and his plea agreement in calculating the applicable range. We need not resolve this question because any error was not plain. *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc). The Guidelines have not been amended to reflect the changes adopted in the First Step Act. *See* U.S.S.G. § 5C1.2(a)(1). Furthermore, Goudy does not cite any authority to support his position that the fast-track departure negotiated in his plea should also have been applied at his later revocation sentencing. Finally, the court thoroughly explained that the 35-month sentence was warranted because, despite the court's prior acts of leniency, Goudy continued to violate the terms of his probation. On this record,

2                                                                                       19-10321

Goudy has not shown a reasonable probability that he would have received a different sentence had the court calculated a lower Guidelines range. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Lastly, Goudy argues that the sentence is substantively unreasonable in light of his addiction and mental illness, and his positive accomplishments. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court explicitly considered Goudy's mitigating arguments and the circumstances of his violations. The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**