**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10291 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-03090-RCC |
| v. | |
| MICHAEL PAUL GRINDALL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted June 18, 2013[**]

Before:    TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Michael Paul Grindall appeals from the district court's judgment and

challenges the 46-month sentence imposed following the revocation of probation.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Grindall contends that the district court procedurally erred by failing to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

adequately explain the sentence or expressly state the applicable sentencing range under U.S.S.G. § 7B1.4. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court discussed at length its justification for the sentence and Grindall has not shown a reasonable probability that he would have received a different sentence had the court expressly stated the applicable sentencing range. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Grindall also contends that his sentence is substantively unreasonable because the district court based the sentence on statements it made when it originally imposed a sentence of probation. The district court did not abuse its discretion in imposing Grindall's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id.*

Finally, Grindall also contends that his sentence was disproportionate to the violation and therefore violated the Eighth Amendment. This contention lacks merit. *See United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001) ("Generally, as long as the sentence imposed on a defendant does not exceed statutory limits, this court will not overturn it on Eighth Amendment grounds.").

**AFFIRMED.**

12-10291