**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50562 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00726-PA |
| v. | |
| REYNALDO LOPEZ-PACHECO, a.k.a. Filo Antonio, a.k.a. Reynaldo Lopez Antonio, a.k.a. Reynaldo Antonio Lopez, a.k.a. Pedro Antonio Silva, a.k.a. Jose Silvia, a.k.a. Pedro Torres, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 17, 2013**

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

Reynaldo Lopez-Pacheco appeals from the district court's judgment and

challenges the 24-month sentence imposed upon revocation of supervised release.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lopez-Pacheco contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3553(a) sentencing factors, and by failing to explain the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. Lopez-Pacheco has not shown a reasonable probability that he would have received a different sentence had the court recited the section 3553(a) factors or provided a more thorough explanation. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Lopez-Pacheco also contends that his sentence is substantively unreasonable because the district court gave too much weight to his breach of the court's trust and because the sentence is too long to serve sentencing goals. The district court did not abuse its discretion in imposing Lopez-Pacheco's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the section 3553(a) factors and the totality of the circumstances, including Lopez-Pacheco's criminal history and repeated reentries. *See id.*

**AFFIRMED.**