**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50033 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-02757-DMS |
| v. | |
| JOSE ALVARO LOPEZ-LEON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Jose Alvaro Lopez-Leon appeals from the district court's judgment and

challenges the 12-month custodial sentence and two-year term of supervised

release imposed following his guilty-plea conviction for being a removed alien

found in the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Lopez-Leon contends that the district court procedurally erred by failing to address adequately his mitigation arguments, and by relying on clearly erroneous facts at sentencing. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010), and find none. The record reflects that the district court properly addressed Lopez-Leon's mitigation arguments, and he has not shown a reasonable probability that he would have received a different sentence absent the district court's allegedly erroneous factual findings. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Lopez-Leon also contends that the district court failed to consider the proper factors when determining whether to impose supervised release, and that it failed to explain adequately why it imposed supervised release. These contentions are belied by the record, which reflects that the district court considered the proper factors and explained that it imposed supervised release as an added measure of deterrence in light of Lopez-Leon's criminal and immigration history. *See* U.S.S.G. § 5D1.1 cmt. n.5 (district court should consider imposing term of supervised release on deportable alien if it determines supervised release would provide an added measure of deterrence and protection).

Lopez-Leon finally contends that both his custodial sentence and term of

supervised release are substantively unreasonable. The district court did not abuse its discretion in imposing Lopez-Leon's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines custodial sentence and the two-year term of supervised release are substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See id.*; *see also* U.S.S.G. § 5D1.1 cmt. n.5.

**AFFIRMED.**

14-50033