**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10287 |
| Plaintiff - Appellee, | D.C. No. 2:02-cr-01236-ROS |
| v. | |
| TED ALLEN KOHR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Ted Allen Kohr appeals from the eight-month term of imprisonment and the

24-month term of supervised release imposed upon revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kohr contends that the district court procedurally erred by (1) failing to consider the 18 U.S.C. § 3583(e) factors and failing adequately to explain the sentence imposed; (2) improperly considering the seriousness of the offense; and (3) improperly considering Kohr's need for rehabilitation. Because Kohr did not object to the sentence before the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record reflects that the district court considered the section 3583(e) sentencing factors and adequately explained the sentence imposed. It further reflects that the district court took proper account of the seriousness of Kohr's conduct and did not impose sentence primarily on this basis. *See United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Finally, even if the district court plainly erred by considering Kohr's need for substance abuse treatment when it imposed his sentence, *see United States v. Grant,* 664 F.3d 276, 279-82 (9th Cir. 2011), he has not shown a reasonable probability that he would have received a different sentence if the district court had not considered rehabilitation. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Kohr also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Kohr's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The custodial sentence at the bottom of the

2

Guidelines range and the 24-month term of supervised release are substantively reasonable in light of the section 3583(e) sentencing factors and the totality of the circumstances. *See id.*

**AFFIRMED.**