**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>SAMUEL ANTONIO HERNANDEZ-CASTRO, a.k.a. Samuel Hernandez-Castro,<br><br>            Defendant - Appellant. | No. 15-10083<br><br>D.C. No. 4:14-cr-00276-RCC-BGM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted March 30, 2016[**]

Before:      HUG, FARRIS, and CANBY, Circuit Judges.

Samuel Hernandez-Castro appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

_____

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Hernandez-Castro contends that the district court procedurally erred at sentencing by not addressing his argument in mitigation and failing to explain the reasons for his sentence. Because Hernandez-Castro did not object on these grounds below, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010); *United States v. Dallman*, 533 F.3d 755, 761-62 (9th Cir. 2008).

The record shows that the district court listened to defense counsel's mitigation argument as well as Hernandez-Castro's own statement regarding his prior conviction for sexual abuse of a minor. The court calculated the Sentencing Guidelines range and imposed a sentence at the lower end of that range. Hernandez-Castro offers no evidence or argument that there is a reasonable probability that the sentence would have been lower if the court had explicitly addressed his mitigation argument and provided more explanation for the sentence. Thus, Hernandez-Castro has not shown that his substantial rights were affected, and so he has not met the plain error test. *See Dallman*, 533 F.3d at 761-62.

**AFFIRMED**.