**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10467 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-01864-DCB-BGM-1 |
| v. | |
| LUDIBETH HERNANDEZ-ACOSTA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 13, 2018
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and VITALIANO,** District Judge.

Appellant Ludibeth Hernandez-Acosta appeals from his conviction and

sentence following his guilty plea for marijuana trafficking, in violation of 21

U.S.C. §§ 841(a)(1) and 846, and for illegal re-entry into the United States, in

violation of 8 U.S.C. § 1326. The district court sentenced him to 52 months

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

imprisonment and three years of supervised release.

At the outset, Hernandez-Acosta seeks to invalidate his guilty plea because, despite an otherwise scrupulous application of the process set forth in Federal Rule of Criminal Procedure 11(b), the district court failed to inform him that the sentencing guidelines would be consulted by the sentencing judge in the fashioning of his sentence, as required by subpart (1)(M) of that rule. There is no dispute that the district court failed to comply with Rule 11(b)(1)(M). But because Hernandez-Acosta failed to preserve the claim of error by timely objection before the district court, our review is for plain error and Hernandez-Acosta must show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 83 (2004). We conclude that Hernandez-Acosta has failed to meet his burden. Indeed, reviewing the record in its entirety, *United States v. Vonn*, 535 U.S. 55, 59 (2002), the evidence strongly indicates that the error did not impact Hernandez-Acosta's decision to plead guilty. *See Dominguez Benitez*, 542 U.S. at 84–85.

Hernandez-Acosta next challenges the calculation of the applicable sentencing guidelines range. Our review is for abuse of discretion. *United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018). The district court, though acutely aware that relevant amendments to the sentencing guidelines would become effective the very next day, met its obligation to accurately compute Hernandez-

Acosta's sentencing guidelines range when it consulted the sentencing guidelines in effect on the day the sentence was imposed. *See United States v. Urena*, 659 F.3d 903, 909 (9th Cir. 2011).

Hernandez-Acosta further contends that the district court failed to calculate his sentencing guidelines range correctly. He claims, first, that the district court erroneously computed his base offense level by charging him with the total drug weight of the marijuana carried by him and his co-conspirators instead of the drug weight corresponding to the marijuana he personally transported. This argument is foreclosed, however, by the concession made by Hernandez-Acosta's counsel at the time of his plea allocution before the magistrate judge that he was accountable for the 127 kilograms of marijuana that he and the others were transporting at the time of their apprehension. *See United States v. Dallman*, 533 F.3d 755, 760 (9th Cir. 2008).

Nor is there merit in his objection to the district court's determination that his Colorado state conviction was categorically a drug trafficking offense, as defined by U.S.S.G. § 2L1.2 (2015). We previously held that the list of inchoate offenses in application note 5 to § 2L1.2 includes solicitation. *United States v. Contreras-Hernandez*, 628 F.3d 1169, 1172 (9th Cir. 2011). Consequently, given the similarity between the terms "induce" and "solicit" under Colorado law, *see* Colo. Rev. Stat. § 18-2-301 (defining solicitation to include induce), the district

3

court correctly determined that Hernandez-Acosta's prior Colorado conviction was categorically a drug trafficking offense.

Hernandez-Acosta also contends that the district court's decision to deny him the minimal or minor role adjustment he requested was error. Hernandez-Acosta squarely raised this objection to the calculation of the sentencing guidelines range before sentencing. The district court acknowledged at the sentencing hearing that it was aware of the objection and had considered it, as it was required to do. *Diaz*, 884 F.3d at 914; *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Ultimately, however, the district court found that the requested role adjustment was not warranted. Although the district court did not expressly consider the factors in U.S.S.G. § 3B1.2 cmt. n.3(C), Hernandez-Acosta's objections to the PSR laid out the relevant factors, and "we have no trouble determining from the sentencing memoranda and the transcript of the sentencing hearing that the district court was well aware of the factors." *Diaz*, 884 F.3d at 916. The district court therefore did not abuse its discretion in denying Hernandez-Acosta's requested role adjustment. *See id.* at 914–16.

Hernandez-Acosta also argues that the district court erred in not granting him a guidelines departure for imperfect duress under U.S.S.G. § 5K2.12. But under our precedent, we may not specifically review the district court's denial of a requested departure. *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir.

4

2012).  "Instead, we review the district court's exercise of discretion only for substantive reasonableness."  *Id.*  Thus, Hernandez-Acosta's imperfect duress argument is subsumed into our review of the reasonableness of the district court's sentence.  *See United States v. Ellis*, 641 F.3d 411, 420–21 (9th Cir. 2011).

We conclude that the sentence imposed was reasonable, both procedurally and substantively.  *United States v. Torlai*, 728 F.3d 932, 937–38 (9th Cir. 2013); *see also United States v. Carty*, 520 F.3d 984, 993–96 (9th Cir. 2008).  Though slightly higher than the one Hernandez-Acosta sought, the sentence imposed was significantly below the applicable guidelines range, and the district court departed downward to account for the guidelines amendments that would become effective on the following day, amendments which would have led to the calculation of a lower advisory guidelines range.  *See Urena*, 659 F.3d at 909.

**AFFIRMED.**