**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50153 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-07022-BAS |
| v. | |
| ARCENIO GARCIA-SOLORIO, a.k.a. Pablo Dominguez, a.k.a. Arcenio Solorio, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Arcenio Garcia-Solorio appeals from the district court's judgment and

challenges the 14-month sentence imposed upon his revocation of supervised

release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia-Solorio contends that the district court procedurally erred by failing

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

to provide an adequate explanation for his sentence. Although a fuller explanation is probably called for, reviewing for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), we conclude that Garcia-Solorio has failed to show that any error affected his substantial rights. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008); *see also Rita v. United States*, 551 U.S. 338, 356 (2007). Garcia-Solorio's contention that the district court imposed the sentence to punish him more harshly for the underlying offense is unsupported by the record; if the court had wished to impose a harsher sentence for the new immigration offense, it could simply have imposed a higher sentence in that case.

Garcia-Solorio also contends that the sentence is substantively unreasonable. The court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 14-month term is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Garcia-Solorio's history, characteristics, and the need for adequate deterrence. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-50153