**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   18-50038 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00523-BEN |
| v. | |
| ARREZ MELITON-SALTO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 12, 2018[**]

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Arrez Meliton-Salto appeals from the district court's judgment and challenges the sentence imposed following his bench-trial conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Meliton-Salto challenges the three-year term of supervised release imposed by the district court. He contends that the court procedurally erred by failing to consider U.S.S.G. § 5D1.1(c), calculate the Guidelines range for supervised release, and adequately explain the sentence. Because Meliton-Salto did not raise these objections in the district court, we review for plain error. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008).

There was no plain error. The district court explained that it believed that a term of supervised release was necessary in light of its concerns about deterrence and protection of the public. The court followed the applicable Guideline, *see* U.S.S.G. § 5D1.1 cmt. n.5, and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, Meliton-Salto has not shown a reasonable probability that he would have received a different sentence had the court explicitly calculated the Guidelines range for supervised release. *See Dallman*, 533 F.3d at 762.

**AFFIRMED.**