**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30210 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-05242-RJB |
| v. | |
| WIMIBALDO EVER CEDENO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Wimibaldo Ever Cedeno appeals from the district court's judgment and

challenges the 210-month sentence imposed following his guilty-plea conviction

for six counts of aggravated sexual abuse of a child under 12, in violation of 18

U.S.C. §§ 2241(c) and 2246(2).  We have jurisdiction under 28 U.S.C. § 1291, and

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

we affirm.

Cedeno first argues that the district court erroneously determined that there was no evidence as to Cedeno's motive for committing the offenses or as to his likelihood of reoffending. We review this procedural argument raised for the first time on appeal for plain error. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008). The record as a whole reflects that the court read and considered the psychosexual evaluation that Cedeno submitted, as well his mitigating arguments, but was persuaded neither that Cedeno's post-traumatic stress disorder had caused him to commit the offenses, nor that Cedeno posed a demonstrably low risk for reoffending. The evidence in the record supports the court's determinations, and Cedeno has not demonstrated any procedural error. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Cedeno also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 210-month, below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the seriousness of the offense, the need to provide adequate deterrence, and the need to protect the public. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

17-30210