**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10314 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-00784-CRB-1 |
| v. | |
| DELVON LEWIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted April 17, 2019**

Before:   McKEOWN, BYBEE, and OWENS, Circuit Judges.

Delvon Lewis appeals from the district court's judgment and challenges the

24-month sentence and one condition of supervised release imposed upon

revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lewis first argues that the district court procedurally erred by failing to calculate the Guidelines range. He did not raise this objection below, so we review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. It is apparent from the record that the district court was aware of the applicable range, and Lewis has not shown a reasonable probability that he would have received a different sentence but for the error. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Lewis also argues that the district court erred by failing to consider, or explain adequately its rejection of, his argument that he was entitled to a downward variance because of the government's delay in bringing revocation proceedings. The court did not err because the record as whole indicates that the court considered Lewis's argument, but believed that a within-Guidelines sentence was warranted in light of Lewis's breach of the court's trust and the need to protect the public. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007).

Likewise, contrary to Lewis's argument, the district court's reasons for imposing a condition of supervised release requiring him to reside, at his probation officer's discretion, for six months in a residential reentry center ("RRC") are apparent from the record as a whole. *See United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). Lewis provides no authority for his argument that an RRC condition is the kind of condition that requires a more detailed explanation. *See id.*

18-10314

(condition involving a "significant liberty interest" requires heightened explanation).

Finally, Lewis contends that the sentence and RRC supervised release condition are substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The RRC condition is reasonably related to Lewis's rehabilitation and involves no greater deprivation of liberty than is reasonably necessary to achieve the purposes of supervised release. *See* 18 U.S.C. § 3583(d); *Daniels*, 541 F.3d at 924. The statutory maximum sentence is also substantively reasonable in light of the sentencing factors under 18 U.S.C. § 3583(e) and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**