**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30180 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-05213-RBL-1 |
| v. | |
| AARON DALE CARVER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Aaron Dale Carver appeals from the district court's judgment and challenges

the 10-month sentence imposed upon revocation of his supervised release.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carver contends that the district court procedurally erred by failing to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

calculate the Guidelines range before imposing the sentence. The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The record reflects that the court was aware of the undisputed Guidelines range, which was contained in the probation officer's memorandum and discussed during the revocation hearing, and used that range as the benchmark from which it varied downward. To the extent Carver argues that the Guidelines range was incorrectly calculated, he cannot show plain error. The initial petition to revoke alleged a single violation of supervised release in connection with Carver's violations of state law, including his making of felonious threats to kill. Those threats were discussed during the revocation hearing, and Carver effectively admitted to making them. This record supports the probation officer's recommendation that Carver's conduct constituted a Grade B violation, and Carver has not shown a reasonable probability that he would have received a lower sentence had the court made express findings as to the grade of the violation and the resulting Guidelines range. *See* U.S.S.G. § 7B1.1(a)(2) & cmt. n.1; *United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**

19-30180