**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff - Appellee,<br><br>    v.<br><br>ROBERT E. JONES, Jr.,<br><br>              Defendant - Appellant. | No. 23-2441<br><br>D.C. No.<br>2:19-cr-00262-JCC-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted January 17, 2024**

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Robert E. Jones, Jr., appeals from the district court's judgment and challenges the 3-month term of imprisonment and 21-month term of supervised release imposed upon the second revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jones contends that the district court erred by failing to (1) calculate the Guidelines range on the record; (2) consider his arguments or the 18 U.S.C. § 3553(a) sentencing factors; and (3) explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that probation calculated the undisputed 7-13 month Guidelines range and recommended a 3-month sentence and 21-month term of supervision, both to sanction Jones for his breach of the court's trust and to permit him another opportunity to address his substance use issues. The record further reflects that, after reviewing probation's memorandum and hearing argument from Jones and the government, the court adopted probation's recommendation and imposed the significantly below-Guidelines sentence. On this record, and in light of the district court's familiarity with Jones's history during his previous term of supervision, Jones has not shown a reasonable probability that he would have received a different sentence in the absence of the alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**