NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-470 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00042-MKD-1 |
| v. | |
| RAFAEL MACHUCA-PRECIADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted January 17, 2024[**]

Before:    S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Rafael Machuca-Preciado appeals from the district court's judgment and

challenges the 18-month term of imprisonment and 3-year term of supervised

release imposed following his guilty-plea conviction for being an alien in the

United States after deportation, in violation of 8 U.S.C. § 1326.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Machuca-Preciado contends that the district court procedurally erred by failing to review or consider the support letters that Machuca-Preciado submitted to demonstrate his family ties in the United States. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The court's remarks at sentencing suggest that it reviewed the letters and found that they did not support Machuca-Preciado's representations of himself as a father. However, even assuming the court did not review the letters, Machuca-Preciado has not shown any effect on his substantial rights. *See United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008). The record reflects that the district court considered Machuca-Preciado's arguments regarding his family ties but believed that a within-Guidelines sentence was nevertheless warranted in light of Machuca-Preciado's significant immigration history, his failure to be deterred by a prior sentence for illegal reentry, his repeated violations of a restraining order, and his strong incentives to return to the United States. Thus, Machuca-Preciado has not shown a reasonable probability that he would have received a different sentence absent the alleged error. *See id.* at 762.

**AFFIRMED.**