NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2228 |
| Plaintiff - Appellee, | D.C. No.<br>1:23-cr-00004-JCC-1 |
| v. | |
| JACOB VANCE MANIBUSAN, AKA<br>Kadi, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the District Court of Guam
John C. Coughenour, District Judge, Presiding

Submitted December 17, 2024**

Before:    WALLACE, GRABER, and BUMATAY, Circuit Judges.

Jacob Vance Manibusan appeals from the district court's judgment and

challenges the 70-month sentence imposed following his guilty-plea conviction for

conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B)(viii), and 846. We have jurisdiction under 28 U.S.C. § 1291, and we

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

Manibusan contends that the district court procedurally erred by failing to explain its reasons for rejecting his nonfrivolous argument that his recent rehabilitation and other mitigating circumstances warranted a downward variance to the mandatory minimum term of 60 months. We review this claim for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The record reflects that the district court considered Manibusan's mitigating arguments, which were included in Manibusan's sentencing memorandum and highlighted at sentencing by counsel and Manibusan himself. The court nevertheless determined that the 18 U.S.C. § 3553(a) factors supported a within-Guidelines sentence, given the need to avoid sentencing disparities and the nature and seriousness of Manibusan's offense. The court's explanation was sufficient. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Moreover, Manibusan has made no argument or showing that any deficiency in the court's explanation affected his substantial rights. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED**.

24-2228