**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 29 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

 v.

DIMITRI J. POWELL,

   Defendant - Appellant.

No. 24-7189

D.C. No. 3:13-cr-05458-RJB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted July 15, 2025[**]

Before:   SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Dimitri J. Powell appeals from the district court's judgment revoking

supervised release and challenges the 15-month sentence imposed. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Powell contends that the district court erred by failing to (1) calculate the

---

 [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Guidelines range, (2) address Powell's mitigating arguments, and (3) offer a sufficient explanation for its sentencing decision. We review these claims for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

The district court did not plainly err. Although the court did not state the Guidelines range explicitly, it was undisputed that the applicable Guidelines range was 21-27 months. *See* U.S.S.G. § 7B1.4 (the criminal history category applicable at the time the defendant was originally sentenced applies at a subsequent revocation hearing). Powell argued that this range was "too high" because some of his prior convictions had been invalidated and asked the court to exercise its "unlimited discretion" to sentence him within the lower 12-18 month range that would apply without those convictions. The court then did so, explaining that—though Powell's history was "shaky"—15 months was sufficient to sanction his violations. On this record, Powell has not demonstrated a reasonable probability that he would have received a different sentence absent the alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**