**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3602 |
| Plaintiff - Appellee, | D.C. No. 2:18-cr-00402-SVW-1 |
| v. | |
| TONY DEMONT MCCLENDON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted August 19, 2025[**]

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Tony Demont McClendon appeals from the district court's judgment and challenges the sentence of 10 months' incarceration and 20 months' supervised release imposed upon the second revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

McClendon first contends the district court erred by failing to address his mitigating arguments and by inadequately explaining the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The district court heard arguments from counsel and McClendon's allocution before noting McClendon's repeated violations and imposing a within-Guidelines sentence. Although "the judge might have said more," *Rita v. United States,* 551 U.S. 338, 359 (2007), McClendon has not shown a reasonable probability that he would have received a lower sentence had the court provided further explanation, *see United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

McClendon also contends that the sentence is substantively unreasonable considering his recent progress towards stable living and other mitigating factors. The record, however, does not show any abuse of discretion by the district court. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines carceral sentence and 20-month term of supervised release are substantively reasonable in light of the applicable 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including McClendon's history on supervision. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**