**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6889 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00828-TWR-1 |
| v. | |
| GARY CRAIG STEPHENS, AKA Loyalty, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Submitted August 19, 2025[**]

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Gary Craig Stephens appeals from the district court's judgment and

challenges the 24-month sentence imposed following the third revocation of his

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stephens contends that the district court procedurally erred by failing to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

calculate the sentencing Guidelines range and by failing to explain the need for an upward variance. We review for plain error, *see United States v. Campbell*, 937 F.3d 1254, 1256-57 (9th Cir. 2019), and conclude there is none.

Although the district court did not state the Guidelines range, it was aware of the range applicable to the admitted violation and the range for the additional conduct Stephens agreed the court could consider. Both were contained in the second amended violation report, which the court had considered. In addition, at the revocation hearing, defense counsel discussed the ranges when responding to the recommendation of probation and the government for a 24-month sentence. On this record, Stephens has not demonstrated a reasonable probability that he would have received a different sentence had the court stated the Guidelines range. *See United States v. Dallman,* 533 F.3d 755, 762 (9th Cir. 2008).

Furthermore, the district court explained that it imposed a 24-month sentence based on Stephens's "very troubling approach to supervised release" and "the safety of the community going forward" following his multiple violations and decision to remain a fugitive. This explanation permits meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**