NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-7035 |
| Plaintiff - Appellee, | D.C. No. 3:99-cr-03602-W-1 |
| v. | |
| MICHAEL CRAIG DICKMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted August 19, 2025[**]

Before: SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Michael Craig Dickman appeals from the district court's judgment and
challenges the 18-month sentence imposed upon the revocation of his supervised
release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dickman contends the district court procedurally erred by failing to address

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his mitigating arguments concerning his age, poor health, bipolar disorder, and rehabilitation since his supervised release violation in 2008, which supported his early release from state prison. In his view, the district court did not adequately address his assertion that he was he was "too old, sick, and rehabilitated to be justly sent back to prison after serving more than twenty-five years for various bank robberies." We review this claim for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010).

At the revocation hearing, the district court reviewed the letters of support written on Dickman's behalf, letters from Dickman himself, and Dickman's medical records. It also heard extensive argument from Dickman's counsel, as well as Dickman's allocution. The court then imposed a low-end sentence of 18 months, rejecting probation's recommendation of 24 months but explaining that 18 months was warranted because Dickman's violation occurred within months after his release from federal custody and consisted of the same serious conduct—robbing banks—underlying his original conviction. As the court stated, "we can't just pretend this didn't happen."

This record reflects that the district court understood Dickman's arguments but was not persuaded that they justified a below-Guidelines sentence. Though the court might have said more to address Dickman's specific contentions, Dickman has not shown a reasonable probability that the court would have imposed a lower

2                                                                 24-7035

sentence had it done so. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). Thus, he has not shown the court plainly erred. *See id*.

**AFFIRMED.**