**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-4938 |
| Plaintiff - Appellee, | D.C. No. 3:20-cr-00085-AB-1 |
| v. | |
| FRANCO ARMANDO MORENO, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Amy M. Baggio, District Judge, Presiding

Submitted March 16, 2026**

Before: SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Franco Armando Moreno, Jr. appeals from the district court's judgment and
challenges the 12-month sentence imposed upon revocation of his supervised
release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Moreno contends the district court procedurally erred by failing to respond to his argument that the "more punitive" sentence he served for his original offense—because an allegedly erroneous state detainer prevented his transfer to community confinement before his release date—justified a lower revocation sentence. We review this claim for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none. The district court listened to Moreno's mitigating arguments, including his argument about his original sentence, and concluded that they justified a sentence two months below what probation and the government had recommended, but not as low as the eight-month sentence Moreno had requested. On this record, Moreno has not shown a "reasonable probability" he would have a received a shorter sentence had the court said more to address his arguments. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Moreno also argues that his sentence is substantively unreasonable because the district court placed undue weight on the need to punish his revocation conduct, which he claims was limited to "a single relapse event." To the extent Moreno is asserting that the court improperly relied on punishment as a sentencing factor, he again fails to show plain error because the record reflects that the court properly sought to sanction Moreno for his "overall performance" on supervision, including his dishonesty with probation. *See United States v. Taylor*, 153 F.4th

934, 939-40, 946 (9th Cir. 2025). To the extent Moreno argues that the sentence is substantively unreasonable because his violations were the result of one relapse, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable under the 18 U.S.C. § 3583(e) factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**