NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. OTONIEL LUGO-CAMPOS, AKA Fransico Carrillo-Cendejas, AKA Rene Ramirez-Gomez, AKA Tony Rivera Morfin, AKA Fransico Carrillo Cendejas, AKA Tony Lugo, AKA Otoniel Campos, Defendant - Appellant. | No. 25-5450 D.C. No. 2:24-cr-00199-RFB-EJY-1 MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, II, District Judge, Presiding

Submitted June 22, 2026**

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

Otoniel Lugo-Campos appeals from the district court's judgment and

challenges his sentence of 72 months' imprisonment—to run concurrent to his state

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence—and 3 years' supervised release, which was imposed following his conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lugo-Campos first argues that the district court procedurally erred by failing to explain adequately its upward variance from the Guidelines range and its reasons for rejecting Lugo-Campos's arguments for a lesser sentence. He also argues that the district court insufficiently explained why it was imposing a supervised release term despite Lugo-Campos's anticipated deportation upon release. We review for plain error, *see United States v. Bradford*, 148 F.4th 699, 708 (9th Cir. 2025), and conclude there is none. The record reflects that the court heard and considered Lugo-Campos's arguments, but believed an above-Guidelines sentence, to be followed by a term of supervised release, was necessary to provide specific deterrence and to protect the public given Lugo-Campos's extensive criminal record. This explanation permits meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, Lugo-Campos has not shown a "reasonable probability" he would have received a lesser sentence had the court said more. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

Second, Lugo-Campos argues that his carceral sentence is substantively unreasonable because his criminal history was already accounted for twice in the

Guidelines calculation and he presented many mitigating circumstances. He also argues that the supervised release term is unreasonable because it is unnecessary. We conclude the court did not abuse its discretion in imposing the above-Guidelines sentence or the term of supervised release, which are reasonable under the 18 U.S.C. § 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 551 U.S. 38, 51 (2007); *see also United States v. Christensen*, 732 F.3d 1094, 1100-01 (9th Cir. 2013) (district court may vary upwards based on a factor already accounted for in the calculation of the Guidelines range if it concludes the range is inadequate).

**AFFIRMED.**